NO. 12-02-00264-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


CHARLES EDGAR BOZEMAN,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW


THE STATE OF TEXAS,

APPELLEE
§
 HOUSTON COUNTY, TEXAS

 

MEMORANDUM OPINION


 Charles Edgar Bozeman ("Appellant") appeals his conviction for assault, for which he was
sentenced to confinement for six months and fined one thousand dollars. Appellant's sentence was
suspended for two years. Appellant raises one issue on appeal. We reverse and remand the matter
for a new trial.


Background


 On November 21, 2001, Appellant and his adult son, Charles Aaron Bozeman ("Aaron") got
into an argument over a bank account set up for Aaron's school expenses. During the argument,
Appellant punched Aaron twice in the face. Appellant was charged with assault (1) and the matter
proceeded to trial.

 Both Aaron and Appellant testified at Appellant's trial. Aaron testified that he made no
move toward Appellant when Appellant suddenly punched him. Appellant testified that Aaron was
standing at the rear of a car, while Appellant was standing near the rear door. Appellant stated that
Aaron "came up" to within arm's reach of him, and Appellant reacted by hitting Aaron in the nose. 
Appellant further testified about the circumstances surrounding the confrontation as follows:



 Okay. Did you think he was going to hit you?



 I sure did.




 Were you scared?


 A. Fear wasn't an issue at that point. It was just a reflex reaction. I was not going to
be hit, but the argument was at a level that that was possible.


 ....


 Q. At that point that - - I believe you testified that at the first blow you felt like it was
necessary to stop him from hitting you?

 A. That's correct.


 ....


 Q. You think people are - - should be responsible for reflex reactions regardless of a
situation?

 A. I believe someone has a right to defend themselves.


 Q. Yes. And - - and you felt at that time that you were in eminent danger from this
child; correct?

 A. Absolutely.


 ....


 Q. Now, could you stand up and tell the jury again if you will exactly what he said to
you when you felt that he was going to maybe, what, cause you bodily - - serious
bodily injury or death?


 It's not what he said to me that was the reason I defended myself. It was his gesture.



 ....


 Q. Aaron today is a grown man?

 A. He is. Yes, he is.


 Q. And he's stronger than you?

 A. Sure.


 Q. You found that out the day before?

 A. That's right. (2)



Appellant also testified that Aaron had hit him prior to the incident in question. Moreover, Appellant
engaged in demonstrations, the substance of which, given the lack of accompanying testimony,
cannot be recounted in this opinion.

 Following the close of evidence, Appellant requested an instruction in the court's charge on
self-defense. The trial court denied Appellant's request. Ultimately, the jury found Appellant guilty
as charged and Appellant was sentenced to confinement for six months and fined one thousand
dollars. Appellant's sentence was suspended for two years.


Self-Defense Instruction

 A person is justified in using force against another when and to the degree he reasonably
believes the force is immediately necessary to protect himself against the other's use or attempted
use of unlawful force. Tex. Pen. Code Ann. § 9.31(a) (Vernon Supp. 2003). The defendant has the
initial burden of producing some evidence to justify submission of a self-defense instruction. See
Tidmore v. State, 976 S.W.2d 724, 729 (Tex. App.-Tyler 1998, pet. ref'd). The trial court must give
a jury instruction on a defensive theory raised by the evidence regardless of whether such evidence
is strong, feeble, impeached, or contradicted, and even if the trial court is of the opinion that the
testimony is not entitled to belief. See Castaneda v. State, 28 S.W.3d 216, 224 (Tex. App.-El Paso
2000, pet. ref'd) (citing Brown v. State, 955 S.W.2d 276, 279 (Tex. Crim. App. 1997)). If the issue
is raised by any party, refusal to submit the requested instruction is an abuse of discretion. See
Castaneda, 28 S.W.3d at 224. However, where the evidence fails to raise a defensive issue, the trial
court commits no error in refusing such a request. Id. We review the evidence in a light most
favorable to the defendant. See Ferrel v. State, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001).

 Appellant argues on appeal that his testimony alone was sufficient to support the submission
of a charge on self-defense to the jury. (3) From Appellant's testimony, we can determine that (1)
Appellant and Aaron were engaged in an argument that escalated, (2) Aaron "came up" to within
arm's reach of Appellant, (3) Appellant believed Aaron was going to hit him, (4) Appellant struck
Aaron because he believed it was necessary to stop Aaron from hitting him, (5) Appellant believed,
at that time, because of Aaron's gesture, that he was in eminent danger, (6) Appellant believed that
Aaron was stronger than he was, and (7) Aaron had struck Appellant in the past. The State argues
that Appellant's testimony that "[f]ear wasn't an issue "and that "[he] was not going to be hit"
demonstrates that Appellant was not entitled to a self-defense instruction. 

 We iterate that the trial court must give a jury instruction on a defensive theory raised by the
evidence regardless of whether such evidence is strong, feeble, impeached, or contradicted, and even
if the trial court is of the opinion that the testimony is not entitled to belief. See Castaneda, 28
S.W.3d at 224. While Appellant's testimony is certainly contradicted by Aaron's testimony and, as
the State notes, impeached by his own statement that "[he] was not going to be hit[,]" such matters
are not relevant to our review. Id. Based on our review of the record, Appellant's testimony, when
viewed in a light most favorable to Appellant, sufficiently indicates that Appellant reasonably
believed the force he used against Aaron was immediately necessary to protect himself against
Aaron's use or attempted use of unlawful force. Therefore, we hold that in denying Appellant's
requested jury instruction, the trial court abused its discretion. Appellant's sole issue is sustained.


Conclusion 

 Having concluded that the trial court's failure to include a self-defense instruction in the
court's charge was an abuse of discretion, we reverse the judgment of the trial court and remand the
matter for a new trial.

 

 SAM GRIFFITH 

 Justice



Opinion delivered March 5, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.




(DO NOT PUBLISH)
1. See Tex. Pen. Code Ann. § 22.01(a) (Vernon Supp. 2003).
2. The record reflects that the day before, Appellant and Aaron had wrestled for fun. 
3. In our analysis of this issue, we considered all sources of relevant evidence of record, not just Appellant's
testimony.